OPINION — AG — UNDER A CONTRACT FOR SALE OF REAL ESTATE OR A CONTRACT FOR DEED OF REAL ESTATE, WHEREIN THE SELLER AGREES TO DELIVER A DEED TO THE BUYER WHEN THE LATTER HAS COMPLETED MAKING PAYMENTS TOTALING A SPECIFIED AMOUNT, THE SELLER MERELY HOLDS THE LEGAL TITLE AS A TRUSTEE FOR THE BUYER, WHO HAS THE "ACTUAL OWNERSHIP" NECESSARY TO ENTITLE SUCH BUYER TO CLAIM HOMESTEAD EXEMPTION ON THE PROPERTY. THIS ASSUMES, OF COURSE, THAT THE BUYER RESIDES ON THE PROPERTY AND THAT THE CONTRACT PERTAINING TO HIS PURCHASE OF SAME IS OF RECORD IN THE OFFICE OF THE COUNTY CLERK ON JANUARY 1ST. IT IS THE ATTORNEY GENERAL'S FURTHER OPINION THAT THE CONTRARY IS TRUE AS TO THOSE PROSPECTIVE BUYERS UNDER AGREEMENTS SUCH AS AN OPTION TO BUY, A CONTRACT FOR LEASE WITH OPTION TO BUY, OR A CONTRACT FOR SALE OF REAL ESTATE ARRANGEMENT DIFFERENT FROM THE ONE MENTIONED IN THAT PART OF OUR ANSWER ABOVE, WHEREIN THE PROSPECTIVE BUYER MAY, IN THE FUTURE, DECIDE TO BUY THE PROPERTY IN QUESTION. SUCH PROSPECTIVE BUYERS ARE NOT ENTITLED TO CLAIM HOMESTEAD EXEMPTION ON THE PROPERTY. CITE: 68 O.S. 1967 Supp., 2406 [68-2406], 68 O.S. 1967 Supp., 2407 [68-2407], OPINION NO. DATED JAN. 19, 1937 TO DIXIE GILMER (CHARLES OWENS)